**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Darrell WILLIAMS, Defendant–
Appellant.**

**No. 03–1473.**

United States Court of Appeals,
Seventh Circuit.

Submitted Nov. 21, 2003.

Decided Nov. 21, 2003.

Todd S. Shellenbarger, Office of the United States Attorney, Evansville, IN, for Plaintiff–Appellee.

Darrell Williams, pro se, Indianapolis, IN, for Defendant–Appellant.

Before RIPPLE, MANION, and WILLIAMS, Circuit Judges.

**ORDER**

During a shakedown, a guard found what he believed to be heroin in Darrell Williams' cell at the United States Penitentiary in Terre Haute, Indiana. Williams was then moved to a "dry cell" where officers monitored him around the clock. Williams eventually vomited, and guards found in his vomit more heroin in small plastic bags. Williams was indicted for possessing contraband within a prison,

*see* 18 U.S.C. § 1791(a)(2), and found guilty by a jury. The district court sentenced him to 41 months' imprisonment followed by three years' supervised release and fined him $1000.

Williams appeals, but his appointed counsel moves to withdraw under *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), because he is unable to discern a nonfrivolous argument for appeal. We gave Williams a chance to respond to his attorney's motion, *see* Cir. R. 51(b), but he did not. Counsel's brief is facially adequate, so we limit our review to the potential issues counsel identifies. *See United States v. Johnson,* 248 F.3d 655, 667–68 (7th Cir.2001). For the reasons set forth below, we grant counsel's motion to withdraw and dismiss this appeal.

■ First, counsel considers whether Williams could argue that insufficient evidence supported his conviction. Williams would face a difficult hurdle in challenging the sufficiency of the evidence. We would reverse the judgment against him only if the record is devoid of any evidence from which a rational jury could have found the elements of his crime beyond a reasonable doubt. *See Moore v. Casperson,* 345 F.3d 474, 488 (7th Cir.2003). The government offered jurors abundant evidence against Williams, including testimony from the officers who caught Williams with the contraband, and the FBI chemist who confirmed that the contraband was heroin. We agree with counsel that any argument that the evidence was insufficient would therefore be frivolous.

Next, counsel examines whether Williams could argue that the district court sentenced him to an excessive term of imprisonment after miscalculating his criminal history points under the sentencing guidelines. In calculating Williams' sentence, the court followed a recommendation made in the presentence report to add three criminal history points based upon Williams' conviction for assault when he was under the age of 18. *See* U.S.S.G. § 4A1.1(a). As a result, Williams had 17 total criminal history points, which placed him in Criminal History Category VI and resulted in a sentencing range of 33–41 months.

Williams has told counsel that he wants to argue that the three criminal history points should not have been added to his total because he was convicted of assault as a juvenile. Under the guidelines, only adult convictions can result in a three-point increase; juvenile convictions result in at most a two-point increase, but only if the conviction was less than five years old. *Id.,* § 4A1.2(d)(1); *id.,* § 4A1.1(a) comment. n. 1. The probation officer relied upon an earlier PSR prepared in an unrelated case in concluding that Williams was convicted as an adult, but he did not obtain a copy of the court records for Williams' assault conviction to personally verify Williams' adult status.

■ Even if the district court miscalculated Williams' criminal history points, the mistake did not affect his sentencing range. Williams would have accumulated 14, rather than 17, criminal history points had the court accepted his argument that he was convicted of assault as a juvenile and that the conviction happened more than five years ago. But 14 points falls within the same criminal history category as 17 points, Criminal History Category VI, and therefore he would have faced the same imprisonment range, 33–41 months.

Nothing in the record would support an argument that the court might have sentenced Williams at the low, rather than high, end of the sentencing range if his criminal history points had been at the low end of Category VI. To the contrary, the court said it chose a sentence at the high

end of the range because of the "seriousness of the offense," and because of Williams' continual pattern of crime committed not only on the street but also "while incarcerated." We therefore agree with counsel that any potential argument that the court miscalculated Williams' criminal history category and imposed an excessive sentence would be frivolous. *See United States v. D'Ambrosia*, 313 F.3d 987, 991 (7th Cir.2002) (erroneous calculation that does not affect defendant's sentence is harmless); *United States v. Saunders*, 129 F.3d 925, 932 (7th Cir.1997) (same).

Finally, counsel examines whether Williams could argue that his trial attorney was ineffective. At trial, the court denied Williams' request for a new attorney after his appointed counsel failed to call as a witness a physician's assistant from the prison. Williams believed that the physician's assistant would have testified that the bags of heroin officers found came not from Williams' vomit but rather from Williams' shoe, where it was stuck and inadvertently dragged into the dry cell. But the decision whether or not to call a witness is a strategic decision left to counsel, and is generally not reviewable. *Valenzuela v. United States*, 261 F.3d 694, 699–700 (7th Cir.2001).

Furthermore, claims about trial counsel's effectiveness are rarely appropriate for direct appeal because resolving them usually requires evidence that is outside the trial record. *Massaro v. United States*, 538 U.S. 500, 123 S.Ct. 1690, 1694, 155 L.Ed.2d 714 (2003); *United States v. Schuh*, 289 F.3d 968, 976 (7th Cir.2002). This case is no different. Williams would be better served by bringing an ineffective-assistance claim under 28 U.S.C. § 2255, where the district court could take testimony from the proposed witness and, if necessary, Williams' trial counsel.

Accordingly, we GRANT counsel's motion to withdraw and DISMISS this appeal.